# WILLIAM WRIGLEY, JR., & COMPANY *v.* NORRIS.

TRADEMARKS; TEN-YEAR CLAUSE; EVIDENCE.

1. The Commissioner of Patents properly sustains an opposition to the registration of the word "spearmint," as applied to chewing gum, under the ten-year clause of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1008), where the testimony of unimpeached and disinterested witnesses on behalf of the opposer shows that, during the ten-year period, his firm placed on the market and exclusively sold a brand of gum under that name, and he produces labels of the kind used which bear the name of the brand and the names of the makers of the labels, while the only evidence for the applicant is that of a few witnesses, supposed to be familiar with the trade, to the effect that they never saw or heard of that brand of gum. ( Citing *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428.)

2. Where an application for registration of a trademark is regular in form, the applicant is entitled to registration unless his prima facie case is overcome by the evidence on behalf of one opposing the granting of the application, in which event it is incumbent on the applicant to establish his right to registration by a fair preponderance of testimony. (Following *Re Nash Hardware Co.* 33 App. D. C. 221.)

No. 589. Patent Appeals. Submitted November 2, 1909. Decided November 30, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. James R. Offield, Mr. C. K. Offield,* and *Mr. John M. Coit* for the appellant.

There was no appearance for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal [by William Wrigley, Jr., & Company] from a decision of the Commissioner of Patents sustaining the opposition of appellee, Du Wane Norris, to the registration, under the ten-years clause, of the word "spearmint" as a trademark for chewing gum. It is not denied that the mark is descriptive within the meaning of the trademark act; hence, to entitle appellant to the right of registration, it must appear that he was the actual and exclusive user of said mark for ten years next preceding February 20th, 1905, the date of the passage of the trademark act. *Worster Brewing Corp.* v. *Rueter & Co.,* 30 App. D. C. 428.

Charles W. Huff testified in behalf of appellee that the Charles W. Huff Company, Incorporated, during the period between 1900 and 1903, was a dealer in chewing gum, and placed upon the market and sold during that time, in Illinois, Indiana, Ohio, West Virginia, Maryland, and Pennsylvania, a brand called "Spearmint." Mr. Huff was unable to specify how much spearmint gum was sold by his company, but he did remember that a "Sweet Marie" brand was ordered in lots of 500 boxes at a time, and that more of the spearmint brand was sold, there being a better demand for it than the other brand. The witness produced a label, such as was used on the spearmint gum. This label bore the words "Spearmint Pepsin Gum," in connection with a representation of a hand holding a spear and on which appear the words "trademark." The witness testified that these labels were made by the Rochester Lithographing Company, and that the boxes in which the spearmint gum was packed were made by the Penn Paper Box Company, Pittsburg, Pennsylvania. On the label of these boxes was the word "spearmint." The witness also produced a copy of a letter dated December 21st, 1900, from his company to the Grove Company of Salem, Ohio, manufacturers of gum. In this letter it is stated:

"Please kindly give us quotations on chewing gum wrapped

singly, also wrapped five in a bunch, we to furnish the labels and boxes, inclosed find labels showing size, etc.

"The parties who have been making our chewing gum are not giving us what we want, and this is our reason for writing you. We want nothing but first-class gum, or at least one that will compare favorably with other standard gums on the market.

"One of the brands you will notice is Sweet Marie, this is wintergreen flavor; the other brand is spearmint and is spearmint flavor."

The witness gave, as a reason for his failure to produce any of the records of the company, the fact that the company went out of business in 1903, at which time all its records were destroyed. A representative of the Grove Company produced the original letter, which was written his company by the Charles W. Huff Company, under said date of December 21st, 1900, and testified that it had been in the files of the former company since its receipt.

In answer to this direct evidence appellant produced witnesses supposed to be familiar with the chewing gum trade during the period covered by the testimony of Mr. Huff. All stated that they had never seen the spearmint chewing gum of the Huff Company, or heard of its being on the market.

The Commissioner was clearly right in refusing registration of this mark. The witness Huff was disinterested, and his testimony was reasonable and entitled to full credit. The firm being in the chewing gum business, it would be unreasonable to assume that it was purchasing labels and boxes with the word "spearmint" thereon, during the period of two years, unless it was using them. Since the witness gave the names of the concerns from whom the labels and boxes were purchased, it would have been a very easy matter for appellant to have disproved his testimony if it had not been true.

The application of appellant, being regular in form, entitled him prima facie to the right of registration, but upon the introduction of appellee's testimony the prima facie case of appellant was overcome, and it was then incumbent on him to establish his right to registration by a fair preponderance of testimony.

In other words, it was incumbent on him to convince the Commissioner that the testimony thus introduced in opposition was not true. *Re Nash Hardware Co.* 33 App. D. C. 221. This he failed to do. The sale of the spearmint gum by the Huff Company covered such a wide area that the testimony of a few witnesses that they had never heard of such sales falls far short of overcoming the case then made by the opposition. It follows that the decision of the Commissioner is right, and is therefore affirmed.

The clerk is directed to certify these proceedings, as by law required. *Affirmed.*